IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNC FRANCHISING, LLC, formerly known as GNC FRANCHISING, INC. and GENERAL NUTRITION CORPORATION,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>SHABANA FARID, MAZHAR FARID and VITAL, INC.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  2:05-cv-1741<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

    Before the Court for consideration and disposition are PLAINTIFFS' MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS, with brief in support (*Document Nos. 59 & 60*), and PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RULE 26(A)(1) DISCLOSURES (*Document No. 65*). Defendants have filed responses to each motion *(Document Nos. 67, 68)*. The issues have been fully briefed, and the motion is ripe for disposition. For the reasons which follow, the Motion to Dismiss will be denied and the Motion to Compel will be granted.

Background

    On December 16, 2005, plaintiffs GNC Franchising, LLC and General Nutrition Corporation (collectively "GNC") filed a Complaint against defendants Shabana Farid, Mazhar Farid and Vital, Inc. ("Defendants"), who are GNC franchisees. The Complaint alleges breach of contract (Counts I & II), Trademark Infringement (Count III), a violation of the Lanham Act (Count IV), and breach of a covenant not to compete (Count V). On March 24, 2006, Defendants filed an Answer, Affirmative Defenses and a three-count Counterclaim. GNC moved to dismiss all counts of the Counterclaim. In an opinion dated July 6, 2006, the Court concluded that Defendants' counterclaims for fraudulent inducement, negligent misrepresentation and breach of the covenant of good faith and fair dealing would be dismissed without prejudice and gave Defendants an opportunity to amend. The Court denied the Motion to Dismiss in all other

respects, specifically including the counterclaim for tortious interference.

Defendants filed a three-count First Amended Counterclaim. Count I, alleging tortious interference with Defendants' purchases from third-party vendors, is identical to the original Counterclaim. Counts II and III, each alleging breach of contract, are new. Count II alleges a breach by GNC in 2002 relating to the loss of Defendants' lease in Santa Ana, California. Count III alleges a breach by GNC relating to the poor location of the Farids' new store. GNC has again moved to dismiss all three counts of the counterclaim.

<u>Standard of Review</u>

The Federal Rules of Civil Procedure do not require detailed pleading of the facts on which a claim is based, they simply require "a short and plain statement of the claim showing that the pleader is entitled to relief," which statement is sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 8(a)(2) establishes a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to ... dispose of unmeritorious claims." *Swierkiewicz v. Sorema,* 534 U.S. 506 (2002). Claims lacking merit are more appropriately dealt with through summary judgment pursuant to Rule 56. *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) the Court accepts as true all well pleaded allegations of fact. *Pennsylvania Nurses Ass'n. v. Pennsylvania State Educ. Ass'n.*, 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied*, 519 U.S. 1110 (1997). In addition, the Court must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 325 (3d Cir. 2001). Dismissal is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993).

Discussion

MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM

    A.    Count I - Tortious Interference

GNC contends that Count I is barred by the "gist of the action" doctrine. However, the allegations in the First Amended Counterclaim are identical to those in the original counterclaim. The Court ruled in its July 6, 2006 Opinion that Count I "suffices to state a claim for Tortious Interference (commonly referred to as Intentional Interference with an Existing or Prospective Contractual Relationship)." When a court decides upon a rule of law, that decision continues to govern the same issue in subsequent stages of the case. *Arizona v. California*, 460 U.S. 605, 618 (1983). A court may reconsider an earlier decision that would otherwise be "law of the case" if there has been an intervening change in law, new evidence becomes available, or if reconsideration is necessary to correct clear error or manifest injustice. *In re City of Philadelphia Litigation*, 158 F.3d 711, 718 (3d Cir. 1998). GNC has pointed to no such circumstances. Accordingly, the Court will adhere to its earlier ruling.

    B.    Count II - Breach of Contract (Santa Ana)

Count II of the First Amended Counterclaim alleges breach of contract arising from the failure to renew a lease for a store located on 17th Street in Santa Ana, California in 2002. GNC contends that Count II should be dismissed because the parties entered into a General Release that bars all claims predating February 17, 2004. GNC attaches the purported release as an exhibit to their brief.

GNC contends that the Court may consider the General Release in ruling on the motion to dismiss. Defendants counter that matters outside the pleading may not be considered without converting the motion to one for summary judgment and giving Defendants notice and an opportunity to present evidence in opposition. Fed. R. Civ. P. 12(b). The Court agrees with Defendants.

In deciding a motion to dismiss, a court is generally limited to the allegations set forth in the pleadings, although it may also consider documents attached to the complaint and matters of public record. Extrinsic documents may be considered when ruling on a motion to dismiss only in limited circumstances. A document referred to in the complaint, but not attached, may be considered to prevent plaintiff from avoiding dismissal simply by deciding not to attach the dispositive document. *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). However, the court may consider such a document only if: (1) its authenticity is undisputed; and (2) the claim is based on the document. *Pension Benefit Guarantee Corp. v. White Consolidated Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document forms the basis for a claim if it is "integral to and explicitly relied upon" in the complaint. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Defendants do not challenge the authenticity of the General Release. However, the Court cannot conclude that the General Release forms the basis for Defendants' counterclaim. Rather, the counterclaim appears to be based on the alleged breach of the underlying franchise agreements. The General Release becomes relevant only to establish GNC's defense – an issue that must await summary judgment. GNC contends that the Court may consider the General Release because it was referred to and incorporated by Paragraph 85 of the Counterclaim. The Court disagrees. Paragraph 85 states, in full: "GNC was obligated, pursuant to its contracts with Farid, to negotiate, lease, renew, extend, and exercise renewal options for the spaces in which Farid operated GNC franchise retail stores." This vague reference to "contracts" is not sufficient to establish that the General Release is "integral to and explicitly relied upon" as the basis of the counterclaim, as required by *In re Burlington Coat Factory*. Accordingly, the General Release will not be considered at this stage of the case. Because GNC does not otherwise challenge the adequacy of the averments in Count II, the motion to dismiss will be denied.[1]

---

[1] GNC's argument that the counterclaim lacks specificity is addressed *infra*. The appropriate remedy for a complaint lacking specificity is a motion for more definite statement pursuant to Rule 12(e), rather than dismissal pursuant to Rule 12(b)(6).

C. <u>Count III - Breach of Contract (New Location)</u>

Count III alleges that GNC breached its franchise agreements by failing to locate a profitable new location for the store after the Farids lost the Santa Ana location. GNC contends that the Defendants' counterclaim is barred by express language in the parties' contracts. GNC attaches a Site Identification Addendum dated March 24, 2004, an undated Site Approval Request Form, and an undated Guarantee.

Under the principles governing a court's consideration of extrinsic evidence in a motion to dismiss set forth above, it is likely that the attached exhibits "form the basis" of Defendants' counterclaim. Paragraph 96 of the Counterclaim states that "GNC was performing its contractual duties in assisting Farid with a new retail site," so it would be appropriate to consider those contracts in deciding the motion to dismiss. However, there are questions regarding authenticity that prevent the Court from resolving the motion based upon the documents submitted by GNC in this case. Defendants have not conceded that the exhibits attached by GNC are authentic. The Court is unable to independently determine whether the exhibits submitted by GNC represent the entire, or even the applicable, agreement among the parties regarding site location. As noted, two of the attached exhibits are undated. There may be additional and/or superseding agreements among the parties that form the basis for the counterclaim. Moreover, GNC's own argument casts doubt as to whether the attached exhibits are controlling. Section D of GNC's Brief in Support of Motion to Dismiss is entitled: "Counts II and III for Breach of Contract Fail to Identify the Contract Sued Upon." GNC argues that the breach of contract counts are pleaded so vaguely "that GNC is unable to ascertain the particular contract or the provisions thereof that it allegedly breached." *Id.* at 7. Obviously, this statement is at odds with GNC's argument that the exhibits attached to the brief conclusively resolve the dispute. In essence, GNC itself seems to be uncertain as to what contractual language forms the basis for Defendants' claim. The Court is unable to conclude as a matter of law that there is no possible set of facts under which the court could grant relief. Accordingly, the motion to dismiss will be denied. GNC will have the

opportunity to renew its arguments as to all three counts at the summary judgment stage based on a fully developed record.

MOTION TO COMPEL

On October 9, 2006, GNC filed a motion to compel the disclosures required under Rule 26(a)(1). Counsel state in the motion that they diligently sought performance by Defendants via numerous phone calls, emails and letters, all of which went unanswered. GNC's counsel further state that GNC unilaterally granted a 30-day extension beyond the September 5, 2006 deadline set forth in the Court's Second Case Management/Scheduling Order, to no avail. In the motion, GNC seeks the reasonable counsel fees it was forced to incur in connection with moving to compel.

Defendant filed a Response to the Motion to Compel on October 19, 2006. Attached to the response were Defendants' Initial Disclosures. The Response essentially admits all of the facts set forth in the Motion to Compel. Defendants point out that the Court sanctioned their former lawyer on August 24, 2006. Defendants' current counsel, Stephen Jurman, entered his appearance on August 29, 2006. However, attorney Jurman was involved by at the latest August 14, 2006, when he filed the Amended Counterclaims.

Defendants essentially argue that since the Initial Disclosures have been filed, the Motion to Compel is moot. The Court disagrees. Jurman's involvement in the case began at least several weeks prior to the deadline for making initial disclosures set forth in the Case Management Order. Jurman provides no justification for failing to seek an extension of time from the Court. More egregiously, Jurman provides no explanation for his failure to give opposing counsel even the minimal courtesy of returning their repeated inquiries. As a direct consequence of Defendants' and/or their counsel's conduct, GNC was forced to incur the expense of preparing and filing a motion to compel. That Defendants have now belatedly filed the Initial Disclosures does not excuse the fact that GNC was forced to expend resources to

secure Defendants' compliance with their responsibilities.  Accordingly, the Motion to Compel is granted.

Rule 37(a)(4) provides that if the disclosure is provided after the motion to compel has been filed, "the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. . . ."  GNC shall file an affidavit within ten (10) days setting forth the expenses and fees incurred in presenting the motion to compel.  Defendants shall file a response within seven (7) days thereafter, including a statement as to whether or not a hearing is desired.  The parties are reminded that the Court expects strict compliance with all provisions of the case management order, the Local Rules and the Federal Rules of Civil Procedure.  The deadlines set forth in the Second Case Management/Scheduling Order remain in effect.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNC FRANCHISING, LLC, formerly known as GNC FRANCHISING, INC. and GENERAL NUTRITION CORPORATION, | ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) 2:05-cv-1741 |
| | ) |
| SHABANA FARID, MAZHAR FARID and VITAL, INC., | ) ) ) |
| Defendants. | ) ) |

## ORDER OF COURT

AND NOW, this 26th day of October, 2006, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFFS' MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS (*Document No. 59*), is **DENIED;** and PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RULE 26(A)(1) DISCLOSURES (*Document No. 65*) is **GRANTED**.  GNC shall file an affidavit within ten (10) days setting forth the expenses and fees incurred in presenting the motion to compel. Defendants shall file a response within seven (7) days thereafter, including a statement as to whether or not a hearing is desired.  The deadlines set forth in the Second Case Management/Scheduling Order remain in effect.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Amy Kerr Parker, Esquire
 Email: aparker@mcguirewoods.com
 Gerald J. Stubenhofer, Esquire
 Email: gstubenhofer@mcguirewoods.com
 Gary R. Kelly, Esquire
 Email: gary-kelly@gnc-hq.com
 Julian E. Neiser, Esquire
 Email: jneiser@mcguirewoods.com
 Curtis L. Frisbie, Jr., Esquire
 Email: cfrisbie@gardere.com
 Randy D. Gordon, Esquire
 Email: rgordon@gardere.com
 Tamara S. Pullin, Essquire
 Email: tpullin@gardere.com


 Shabana Farid
 Mazhar Farid
 Vital, Inc.
 946 South Silver Star Way
 Anaheim, CA 92808
 **BY U.S. MAIL**


 Stephen Jurman, Esquire
 Email: stephen@jurmanlaw.com