IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNC FRANCHISING, LLC, formerly known as GNC FRANCHISING, INC. and GENERAL NUTRITION CORPORATION, ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | 2:05-cv-1741 |
| ) | |
| SHABANA FARID, MAZHAR FARID and VITAL, INC., ) ) ) | |
| Defendants. ) ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration and disposition is PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (*Document No. 85*), with brief, statement of facts and appendix in support (*Document Nos. 86- 89*). Defendants have not filed a response. Nevertheless, the issues have been fully briefed, and the motion is ripe for disposition. For the reasons which follow, the motion will be granted.

Procedural Background

On December 16, 2005, Plaintiffs GNC Franchising, LLC and General Nutrition Corporation (collectively "GNC") filed a Complaint against defendants Shabana Farid, Mazhar Farid and Vital, Inc. ("Defendants"), who are GNC franchisees. The Complaint alleges breach of contract (Counts I & II), Trademark Infringement (Count III), a violation of the Lanham Act (Count IV), and breach of a covenant not to compete (Count V). On March 24, 2006, Defendants filed an Answer, Affirmative Defenses and Counterclaim. On July 6, 2006, the Court entered an order granting GNC's motion to dismiss counts II and III of the counterclaim. On August 14, 2006, Defendants filed an answer and amended counterclaim, which asserted counterclaims for tortious interference and breach of contract. On October 26, 2006, the Court denied GNC's motion to dismiss the amended counterclaim.

On March 1, 2007, GNC filed an unopposed motion for extension of time to file summary jugment motions. (Document No. 84). On March 2, 2007, the Court granted the

motion and issued a Text Order to require summary judgment motions to be filed by March 15, 2007, with responses to summary judgment due by April 16, 2007. GNC timely filed the pending summary judgment motion on March 15, 2007. Defendants did not file a response by the deadline set forth in the Court's order. On April 23, 2007, GNC filed a Notice (Document No. 90) that its motion was ripe for decision. To date, Defendants have not responded to the motion or the notice, nor have they sought an extension of time or otherwise justified their failure to comply with the Court's deadline.

Standard of Review

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

Summary judgment will not be entered automatically due to Defendants' failure to oppose the motion. Rather, the Court must carefully examine the record to determine whether there is a genuine issue of material fact such that judgment as a matter of law would not be

appropriate. As part of its task, the Court must satisfy itself that the evidence in the summary judgment record supports GNC's statement of undisputed facts. *See* Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond, summary judgment *if appropriate*, shall be entered against the adverse party.") (Emphasis added).

Discussion

This case arises out of a franchise relationship. GNC's motion seeks summary judgment with respect to Counts I and II of its Complaint and on all counts of the amended counterclaim.[1]

Shabana Farid executed a franchise agreement in 1997 for a GNC store in Santa Ana, California. Defendant Vital, Inc. ("Vital") executed a franchise agreement in 2004 for the renewal of a store in Perris, California. On December 31, 1998, Shabana Farid assigned her franchise rights in the Santa Ana store to Vital. GNC consented to the assignment due to a guarantee executed by Shabana Farid and Mazhar Farid. Defendants executed three subleases with GNC: the Centre on Seventeenth sublease, the Perris sublease and the Bristol Marketplace sublease. The parties also executed several other related agreements: a promissory note and product sales agreement dated January 8, 1998 for the Santa Ana store, and a product sales agreement dated February 17, 2004 for the Perris store.

    A.    Plaintiffs' Breach of Contract Claims

In the Complaint, GNC asserts two counts of breach of contract by Defendants. Count I alleges breaches of the franchise agreements and Count II alleges breaches of the subleases. The well-known elements of a breach of contract claim under Pennsylvania law are the existence of a contract and its essential terms, a breach of the contract, and damages. None of these elements are disputed. Defendants concede that they are parties to the contracts identified above. The Franchise Agreements imposed duties regarding royalty payments, advertising fees, inventory

---

[1]GNC does not seek summary judgment on Counts III-V of the Complaint.

payments, note payments and other charges. Defendants concede that they breached these duties by not making payments as required. In fact, the record reflects that Defendants affirmatively stopped making payments in August 2005. Similarly, Defendants stopped remitting the monthly rent payments required under the subleases. There is no dispute that the failure of Defendants to make required payments caused GNC to incur damages. Accordingly, Plaintiffs are entitled to summary judgment on Counts I and II of the Complaint.

B.     Defendants' Counterclaims

GNC seek summary judgment on the entirety of the counterclaim. As an initial matter, Defendants cannot simply rest on the "mere allegations" made in their pleadings but must set forth specific facts showing that there is a genuine issue for trial. *See* Rule 56(e). The evidence in this record is insufficient to show a genuine issue for trial on any of the theories asserted in the amended counterclaim.

Count I asserts tortious interference with Defendants' purchases from other vendors (direct purchase vendors or "DP vendors"). Under Pennsylvania law, the elements of a cause of action for intentional interference with an existing or prospective contractual relationship are as follows:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party;
> (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;
> (3) the absence of privilege or justification on the part of the defendant; and
> (4) the occasioning of actual legal damage as a result of the defendant's conduct.

*Reading Radio, Inc. v. Fink*, 833 A.2d 199, 211 (Pa. Super. 2003) (*citing Strickland v. University of Scranton*, 700 A.2d 979, 985 (Pa. Super. 1997)). This claim fails in numerous respects. Defendants concede that they had no contractual relationships with other vendors, nor were they intending to enter into such a relationship. There is no evidence of interference with such a relationship or damages resulting from such interference. Moreover, the francise agreements give GNC a privilege and justification for requiring DP vendors to make their products available

to the entire GNC retail network.  Thus, GNC is entitled to summary judgment on Count I.

Count II alleges a failure to renegotiate a renewal on the Centre on Seventeenth sublease. GNC has produced the relevant contracts, which are silent as to any obligation to renew the sublease.  Moreover, Defendants have not identified any breach of contract by GNC or resulting damages.  Further, this claim is barred by a General Release executed by the parties.  The release discharged claims prior to April 26, 2004 and the sublease for the Centre on Seventeenth store expired in May 2003, almost a year earlier.  Accordingly, GNC is entitled to summary judgment on Count II.

Count III alleges breach of contract regarding the Bristol Marketplace location.  On March 24, 2004, the parties amended the Santa Ana franchise agreement with a Site Identification Addendum to move the store from Centre on Seventeenth to Bristol Marketplace. Thus, any claims related to this subject are also barred by the broad language of the General Release dated April 26, 2004.  Moreover, Defendants proposed the Bristol Marketplace location and executed a Site Approval Request Form which acknowledged that they were making an independent informed business decision regarding that location.  There is no evidence of any breach of contract by GNC or resulting damages.  Accordingly, GNC is entitled to summary judgment on Count III.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GNC FRANCHISING, LLC, formerly known as GNC FRANCHISING, INC. and GENERAL NUTRITION CORPORATION,<br><br>Plaintiffs,<br>v.<br><br>SHABANA FARID, MAZHAR FARID and VITAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) 2:05-cv-1741<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 14th day of May, 2007, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (*Document No. 85*) is **GRANTED** in its entirety.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Amy Kerr Parker, Esquire
     Email: aparker@mcguirewoods.com
     Gerald J. Stubenhofer, Esquire
     Email: gstubenhofer@mcguirewoods.com
     Gary R. Kelly, Esquire
     Email: gary-kelly@gnc-hq.com
     Julian E. Neiser, Esquire
     Email: jneiser@mcguirewoods.com
     Gerald A. Marks
     Email: jerry@marksklein.com
     Stephen Jurman
     Email: stephen@jurmanlaw.com